SCPW-16-0000636

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

COMMERCIAL PROPERTIES, LIMITED, a Hawaiʻi corporation, Petitioner,

vs.

THE HONORABLE KATHLEEN N.A. WATANABE, JUDGE OF THE CIRCUIT COURT OF THE FIFTH CIRCUIT, STATE OF HAWAII, Respondent Judge,

and

SANDY POEHNELT; PUAʻA ʻILI ʻOI ʻOI OHANA LLC, a Hawaiʻi limited liability company; and THE RIGHT SLICE LLC, a Hawaiʻi limited liability company; STACY MONIZ, TRUSTEE OF THE UNRECORDED TRUST DATED JANUARY 22, 2013; JO ANNE N. MONIZ, TRUSTEE OF THE UNRECORDED JO ANNE N. MONIZ TRUST DATED FEBRUARY 12, 1999; ANTONIA L. MONIZ; JOHN MONIZ; MARY C. WALSH, AS TRUSTEE OF TRUST A, A SUB-TRUST OF THE BEATRICE DUARTE LIVING TRUST CREATED UNDER AN UNRECORDED TRUST AGREEMENT DATED SEPTEMBER 24, 1991, AS AMENDED AND RESTATED IN AN UNRECORDED DOCUMENT DATED JULY 14, 2008, AND AS TRUSTEE DATED JANUARY 16, 2002, AS AMENDED AND RESTATED THE 28TH DAY OF JULY, 2008, AS IT MAY BE FURTHER AMENDED, Respondents.

---

ORIGINAL PROCEEDING
(CIV. NO. 15-1-0087)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Commercial Properties, Limited's petition for writ of mandamus, filed on September 23, 2016, the documents attached thereto and submitted in support thereof, and the record, it appears that, based on the facts and circumstances of the underlying matter, petitioner fails to demonstrate that it has a clear and indisputable right to the requested relief and that it lacks alternative means to seek

relief.  Petitioner, therefore, is not entitled to the requested writ of mandamus.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act).  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, October 21, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2